No. 2760.—STATE, ex. rel. J. H. WILSON, *v.* JUDGE OF THE SEVENTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

Where separate appeals are taken by the principal and surety on the bond from a judgment *in solido* dissolving an injunction, the principal in injunction, if solvent, is a good and legal surety on the appeal bond given by the surety in the injunction. As a general rule the only question to be considered in determining the sufficiency of the bond is the solvency of the surety.

A suspensive appeal taken by the principal in injunction will not suspend execution of the judgment against the surety on the injunction bond.

APPLICATION for Writ of Prohibition. *Augustine & Michel,* for relator. *E. Howard McCaleb,* for plaintiff in injunction. *Collens,* Judge, respondent.

HOWELL, J. This is an application for a writ of prohibition, in which two questions are presented:

*First*—Is the principal in an injunction bond a good and legal surety, if solvent, for his surety thereon in an appeal bond given by the latter, when each has taken a separate appeal from a judgment against them *in solido,* the said principal having given other surety on his appeal bond ?

*Second*—Does the suspensive appeal, taken by the principal, suspend the judgment as to the surety who does not join in said appeal ?

In support of the negative of the first question the judge *a quo* cites the cases in 18 An. 659 and 12 La. 383

In the first of these cases, there appears to have been only one appeal, which was taken by the principal, and his surety on the

injunction bond, who was also condemned by the judgment, was the
surety on the appeal bond.   No question seems to have been raised as
to the sufficiency of the surety to answer to both bonds, but the appeal
was dismissed on the ground, which we deem too broadly stated, that
"judgment having been rendered against the surety as a party, he is
rendered incompetent to become surety on the appeal bond, in the
same case," and the case in 12 La. 383 is cited as authority.   This latter
case does not, however, in our opinion, sustain the position to its full
extent, but recognizes the true doctrine that the conditions of the two
bonds being different, the same person may well sign both, if other-
wise unexceptionable, and the qualifying remark at the close was
unnecessary to the decision, and may be regarded as *obiter*.   This
doctrine is more clearly and fully stated in the case of Greiner *v.*
Prendergast, 2 R. 235, where it was held that the surety in an injunc-
tion bond may be surety for his principal on an appeal by the latter
from a judgment against both, *in solido*, to pay damages and costs,
provided the surety would be such as would indemnify his adversary
against all the consequences which might result from the appeal, as in
the case of an increase of the sum recovered.

This is consonant with the articles of the Code prescribing the quali-
fications of a surety, which are, that he must be able to contract, of
property sufficient to answer for the amount of the obligation, and
resides within the jurisdiction.   C. C. 3011, 3033.   He may be on
several bonds, but if his property be sufficient to answer for all of
them, he is a good surety as to this qualification.   It is an error to say
that no additional security is given the appellee, because the surety
on the appeal bond is a party to and liable for the judgment or part of
it, from which the appeal is taken, if his property is sufficient to meet
the liability for both.   It is his ability to respond, rather than the
manner in which he is bound, that is to be considered in this respect.
In this case the surety was shown to be good for the appeal bond as
well as the injunction bond, and the court below erred in rejecting him
on the ground that he was a party to the suit.   Had he joined his
principal in the same appeal, and in one and the same bond, he would
not have been a security, but a principal, and the two, as one principal,
would have to give a surety on their bond.   This case is different.

Upon the second point, it is well settled that an appeal, by the
principal will not suspend the judgment as to the surety.   See 3 An.
319; 4 An. 514; 11 An. 707 ; 15 An. 433; 19 An. 291.

It is therefore ordered that the prohibition herein be made
perpetual.